# CASES IN CHANCERY.

---

ABIJAH TITUS, The Executors of CHRISTIANA VAIL, THEODORE S. VERMULE and JEPTHA CLAWSON, *Complainants*, and HIRAM C. BENNET, CORNELIUS BOICE, and the Sheriff of Somerset, *Defendants*.

A., by deed dated October 15, 1830, conveyed two acres of land to C.; and C. entered into and remained in possession thereof. On the 17th of January, 1835, A., by deed of that date, conveyed to T. a tract of land adjoining the two acres so conveyed to C.; and T. entered into and remained in possession. The deed to T. was prepared by B., an attorney at law, and was acknowledged before him as a Master in Chancery; and was recorded May 15, 1848. On the 12th of January, 1847, T., under the advice of B., mortgaged the tract so conveyed to him to V., since deceased; the mortgage being prepared by B. and acknowledged before him; B. acting as counsel for V. This mortgage was recorded February 23, 1849. T., by deed dated February 10, 1848, conveyed to W., subject to the said mortgage; which last mentioned deed was also prepared by B., and acknowledged before him. B., as an attorney at law, prosecuted a claim which D. held against A., and, on the 25th of May, 1847, recovered judgment in the Circuit Court of Essex county, which was docketed in the Supreme Court after the date of the deed to W., and caused an execution to be issued thereon out of the Supreme Court, and to be levied on all the said lands; the said B. and D. having full knowledge, before the recovery of the said judgment, that A. had conveyed the said lands as aforesaid. T., and the executors of V., and W. and C. joined in a bill stating the above facts, and making B., and D., and the sheriff defendants, praying a perpetual injunction against the sale of the said lands by virtue of the said execution.

On demurrer, it was held that C. was improperly joined as a complainant; but that W. and the executors of V. were proper parties complainants.

The bill states that James B. Ayres, of Essex county, for the consideration of $1200, sold and conveyed to the complainant

Abijah Titus, in fee, by deed dated January 17, 1835, three tracts of land, (describing them,) situated in Somerset county. That the deed for said lands was written and prepared by the defendant Boice, and was, on said 17th of January, 1835, acknowledged by said Ayres before said Boice as a Master in Chancery. That said deed was, on the same day, delivered by the said Ayres to the complainant Titus; and that Titus thereupon entered into possession of said lands, and has remained in the quiet possession thereof to this time. That his said possession has been open, notorious and peaceable, from said year 1835 to this time, without dispute or question by any one. That said deed was recorded May 15, 1848.

That by a mortgage, dated January 12, 1847, the said Titus mortgaged, under the advice of said Boice, to Christiana Vail, since deceased, said Boice being the counsel and attorney of said Christiana Vail, the same lands so conveyed by the said Ayres to the said Titus, to secure a bond for $500, given on same day by said Titus to said Christiana; which bond and mortgage were prepared and written by said Boice, and the mortgage acknowledged before him as a Master as aforesaid; which mortgage was recorded in the Clerk's office of Somerset, on the 23d of February, 1847.

That said Christiana Vail afterwards died, leaving a will, of which the complainants Nathan Vail and Frazee Coles are the executors; and the executors aver that the said $500, secured by said mortgage, is due and payable to them as such executors, and that they have no security for the payment thereof other than the said mortgaged premises.

The bill states that Boice, having full knowledge that said lands belonged to said Titus, in fee, and that he was in possession thereof, entered into a negotiation for the purchase thereof, some time in 1843; but, owing to some circumstances other than a want of title in said complainant Titus, did not purchase the same.

That Titus and the complainant Vermule entered into a contract for the sale and purchase of said lands, by which the complainant Titus, with his wife, by deed dated February 10,

1848, for the consideration of $1625, made out a conveyance to said Vermule for the said lands, reciting that it was the same land conveyed to Titus in three lots described in a deed from said Ayres and wife to said Titus, dated January 17, 1835, except about half an acre sold off by said Titus and belonging to said Boice, and conveying said premises to said Vermule, subject to the mortgage so given by Titus to Christiana Vail. That this last mentioned deed was prepared by and is in the handwriting of said Boice, and was acknowledged before him by said Titus and his wife. That by reason of the judgment and execution hereinafter mentioned the said deed from Titus to Vermule remains an escrow.

The bill then states that said Ayres, by deed dated October 15, 1830, for the consideration of $30, sold and conveyed to the complainant Jeptha Clawson 2 acres 7-100 adjoining the premises above described, of which said Clawson immediately took possession, and of which he has held the peaceable and undisputed possession ever since.

That Boice, being in full possession of all the facts before stated, was employed as the attorney of one Hiram C. Bennet, of New York, (said Boice being an attorney and counsellor at law of this State,) to prosecute a claim which said Bennet held against said Ayres; and that said Boice, as the attorney and agent of said Bennet, presented said claim in favor of said Bennet, against said Ayres, in the Circuit Court of Essex county, and that, on the 25th of May, 1847, judgment was rendered on the said claim, in the said Court, for $2,238.90, with costs. That execution was thereupon issued, returnable to August term, 1847, of said Court. That, the money not being made on said execution, the said Boice, attorney as aforesaid, caused the said judgment to be certified &c., and docketed in the Supreme Court, and that an execution was issued on said judgment out of the Supreme Court to the sheriff of Somerset, returnable to July term, 1848, of that Court. That said sheriff was directed by said Boice, attorney as aforesaid, and by said Bennet, or one of them, (with a full knowledge that said Ayres had, long before the entry of said judgment, sold and

conveyed the said land above described, and that said Ayres, from that time, never pretended to claim the same,) to levy upon the said land and premises, and advertise and sell the same; and said sheriff, in obedience to said orders, did levy upon and advertise said land and premises, and has adjourned the sale thereof until August 21st next (1848).

The complainants the executors of Vail say, That, if the above described land and premises should be sold under said execution, the money so due to them will be wholly lost, as said Titus is wholly unable to pay the same or any part thereof.

The bill prays a perpetual injunction, and an injunction in the mean time restraining the sale; and subpena against Boice, Bennet and the sheriff.

Bennet and Boice put in a special demurrer to the bill; and for cause of demurrer say, that said bill is exhibited by the complainants for several and distinct matters and causes, depending upon different and distinct principles and facts, and not necessarily or properly connected with each other; and that the said complainants have separate and distinct interests; and that said bill is multifarious, and joins distinct and separate matters together.

*P. D. Vroom* in support of the demurrer.

*W. Halsted* contra. He cited *Halst. Dig.* 223; 1 *Bro. Ch.* 200; 2 *Atk.* 282; 1 *Ib.* 13; *Mitf. Pl.* 147; 4 *John. Ch.* 199; 2 *Ib.* 284; 4 *Mad. Ch. Rep.* 138, 146, 144, note.

THE CHANCELLOR. I see no ground stated in the bill on which Clawson can be joined as a complainant with the other complainants. He received from Ayres, in 1830, a deed for certain lands. Titus received from Ayres, in 1835, a deed for certain other lands. The two transactions are entirely distinct, and have no connection with each other. The fact that the defendant Bennet, or his attorney or agent, has caused both those tracts of land so conveyed, separately, by Ayres, to be levied

upon under a judgment obtained against Ayres, does not, that I can perceive, raise any such common question or common interest in Titus and Clawson as that they can join in a bill to prevent the sale of their respective lands under such judgment.

It may also be said, that the facts stated in the bill in behalf of Clawson show no reason whatever for the interposition of this Court in his behalf.

His course will be to file a bill himself, if he can state other facts sufficient to make a case for the interposition of this Court in his behalf.

As to the other complainants, I see no reason why they should not be permitted to join as complainants. Their rights all depend on the one conveyance from Ayres to Titus, or upon Titus's title or right to hold or convey the lands unaffected by the judgment on which the sale is threatened.

The demurrer must be sustained. Leave will be given to amend the bill by striking out the name of Clawson as a complainant, and all the allegations made therein in his behalf.

Order accordingly.